UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
UNITED STATES OF AMERICA

                                                                           **MEMORANDUM & ORDER**
                                                                             08-CR-347 (NGG) (RML)

    -against-

MARTIN WEISBERG,

                Defendant.
---------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      The defendant in this case, Martin Weisberg, requests that the court authorize additional criminal discovery in the run-up to his trial currently scheduled to begin May 21, 2012. Specifically, Weisberg requests that the court issue letters rogatory to two foreign courts and issue four subpoenas duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. For the following reasons, the court will issue the subpoenas—albeit in somewhat amended form—but it will not issue the letters rogatory.

      Weisberg's discovery requests are based on the fairly recent production of documents responsive to a previous subpoena served on non-party Peter R. Ginsberg. In at least partial compliance with the terms of that subpoena, Ginsberg produced an email, dated September 1, 2006, and attachments, the contents of which are well-known to the parties.[1] (See Ginsberg Aff. (Docket Entry # 174).) Later, after consultation with his client, SIAM Capital Management Ltd., Ginsberg produced additional material that was responsive to the subpoena but which had been

---

[1] Weisberg disputes that Ginsberg adequately produced the September 1 email as part of his response to the subpoena. He maintains that he only received a copy of the unredacted email as part of government's pretrial discovery production. (See Weisberg Ltr. of Apr. 17, 2012 (Docket Entry # 189) at 1 n.1.)

1

previously withheld on the basis of attorney-client privilege. (See Weisberg Ltr. of Mar. 20, 2012 (Docket Entry # 179) at 1.) Weisberg argues that the September 1 email and the previously-withheld material serve as a factual predicate for additional last-minute discovery. (See Weisberg Ltr. of Apr. 17, 2012 (Docket Entry # 189) at 1.)

The court need not fully decide that issue now. It is enough to conclude that these developments to do not justify the issuance of letters rogatory to Anguilla or the Bahamas, and to reserve for decision on a motion to quash whether the discovery sought through the Rule 17(c) subpoenas is appropriate.

Weisberg has twice before requested that the court issue letters rogatory to Anguilla and the Bahamas (see Docket Entry ## 88 and 105) and has twice before been rebuffed (see Docket Entry ## 108 and 127). In an earlier order, the court stated that it would not issue letters rogatory to Anguilla or the Bahamas unless Weisberg could demonstrate, inter alia, that the discovery was: (1) necessary to his defense; and (2) reasonably obtainable, given the foreign tribunal charged with its administration (see Order to Show Cause of Jan. 21, 2012 (Docket Entry # 119) at 1). Cf. United States v. Taubman, 297 F.3d 161, 164 (2d Cir. 2002) (concluding that the district court's denial of a letters-rogatory request for non-material testimony was not an abuse of discretion). The court adheres to this standard.

Weisberg's instant request for letters rogatory does not meaningfully differ from his previous requests in that he still has not come forward with any evidence that the judiciary of either Anguilla or the Bahamas would be likely to provide judicial assistance with discovery in a timely fashion. He represents that the law firm of Keithley Lake & Associates (one of the targets of the discovery requests contained in the proposed letters rogatory to Anguilla) would comply

"with a proper United States order directing production of his SIAM files and related information by interview" (Weisberg Ltr. of April 17, 2012 at 4), but this is beside the point. As long as Keithley Lake & Associates, remains outside the United States, the court is without jurisdiction to issue such an order. The relevant question is whether the Eastern Caribbean Supreme Court in the High Court of Justice, Territory of Anguilla, which apparently has jurisdiction over the law firm, would order such discovery; and, as noted above, there is no indication that it would issue such an order.

Similarly, he has not presented a convincing argument that the discovery sought through the proposed letters rogatory is necessary to Weisberg's defense. While the material Weisberg seeks through the letters rogatory may or may not be important as a substantive matter, the court finds that similar material is likely available domestically. To begin with, materials responsive to Weisberg's request for information about SIAM's and its Anguillan affiliates' "legal strategy" for the escrow arrangement have likely already been produced in response to earlier Rule 17(c) subpoenas served on SIAM's United States counsel. Furthermore, the proposed letters rogatory seek essentially the same discovery as Weisberg's four new Rule 17(c) subpoenas. The only major difference is that the letters-rogatory requests are directed toward SIAM and its affiliates as juridical entities, whereas the 17(c) subpoenas are to be served on the companies' individual officers and directors. Weisberg has not identified which items, if any, of the material he seeks from the SIAM would not also be available from SIAM's senior management. In the absence of such a showing, the court finds that the Rule 17(c) subpoenas Weisberg proposes to serve on the government's SIAM witnesses are an adequate substitute for the discovery he seeks from the witnesses' employer.

The final issue confronting the court concerns service of the Rule 17(c) subpoenas on Jayme Colter, Patrina Khoo Farquharson, Tamischa Ambrister, and Jonathan P. Knight, all of whom are apparently outside of the court's jurisdiction. Weisberg requests that the court "direct the government to work with Mr. Ginsberg to facilitate service of the subpoenas on their witnesses now." (Weisberg Ltr. of April 17 at 5.) The court is not aware of any authority for such an unusual step, and doubts that it has power to take it. Cf. George A. Bermann, Transnational Litigation 283 (2003) ("Before ordering production by a person in his or her representative capacity, the court may need jurisdiction over the party represented."). Weisberg may serve his subpoenas if and when Colter, Farquharson, Ambrister, and Knight are present in this District.[2] As such, the subpoenas should be addressed solely to these individuals, and not "care of" anyone else. Weisberg shall amend and resubmit his subpoenas accordingly.

Weisberg's request that the court issue letters rogatory is accordingly DENIED. Weisberg may submit amended Rule 17(c) subpoenas, which the court will issue upon receipt. SO ORDERED.

Dated: Brooklyn, New York
      May 3 , 2012

/s/
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] The government is on notice that these individuals will likely be served with subpoenas if they appear to testify at Weisberg's trial. It may take appropriate measures to address this probability including, but not limited to, arranging for service of the subpoenas and motions to quash before trial or organizing a voluntary production of responsive documents.